Rafael Antonio ROMERO, Petitioner,

v.

Janet RENO, Attorney General,
et al., Respondents.

No. 00–CV–6507L.

United States District Court,
W.D. New York.

Sept. 25, 2001.

Rafael Antonio Romero, Batabia, NY, pro se.

Alison Marie Igoe, U.S. Dept. of Justice, Civ. Div., Office of Immigration Lit., Washington, Dc, for respondents.

### DECISION AND ORDER

LARIMER, Chief Judge.

Petitioner, Rafael Antonoio Romero ("Romero"), a citizen of the Dominican Republic, was ordered removed from the United States following a July 14, 1999 conviction for the criminal sale of a controlled substance. Romero then filed a petition in this Court pursuant to 28 U.S.C. § 2241, seeking to vacate his order of deportation. Now pending before this Court is the Government's motion to dismiss Romero's petition. *See* FED. R. CIV. P. 12(b)(6).

At one time, Section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c), allowed certain deportable aliens to seek a waiver of deportation from the Attorney General of the United States. The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") narrowed the class of aliens who were

eligible for such relief, while the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repealed Section 212(c) entirely. *I.N.S. v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 2277, 150 L.Ed.2d 347 (2001). Aliens who pleaded guilty to the crimes which rendered them removable before the enactment of the AEDPA and the IIRIRA may still apply for Section 212(c) relief. *Id.* at 2293.

Romero essentially contends that because he committed the criminal conduct which led to his July 1999 conviction before the enactment of the AEDPA and the IIRIRA, he is still eligible for relief from deportation. According to Romero, he was first arrested on October 30, 1986, and charged with the criminal sale of a controlled substance in the third degree, *see* N.Y. PENAL LAW § 220.43. Docket No. 7, ¶ 1. Apparently, Romero was released from custody, because on March 11, 1987, a pre-arraignment warrant relating to this charge was issued. *Id.* at ¶ 2; Attachment to Petition: Report of Romero's Criminal History, p.2. On February 25, 1999, after he was stopped at a "random Police check point," Romero was arrested based on this outstanding warrant. Docket No. 7, ¶ 2. Romero pleaded guilty, and was sentenced on July 14, 1999.

■ Petitioner's argument here is foreclosed by the Second Circuit's decision in *Domond v. I.N.S.*, 244 F.3d 81 (2d Cir. 2001). In *Domond*, the court addressed the question of "whether elimination of Section 212(c) hearings for those whose criminal conduct predates AEDPA's effective date but whose convictions post-date it is impermissi[b]ly retroactive." *Id.* at 84. The court found that the AEDPA did not have an improperly retroactive effect on aliens such as Romero. *Id.* at 85–86 (noting that "it would border on the absurd to argue that Domond would have decided not to commit a crime if he had known that

he not only could be imprisoned, but also could face deportation without the availability of a discretionary waiver of deportation")(quotations and alterations omitted). Thus, because Romero's plea and conviction post-date the enactment of the AEDPA, he is not entitled to seek relief from deportation pursuant to Section 212(c).

Petitioner argues in the alternative that he is eligible to apply for cancellation of removal pursuant to INA Section 240A, 8 U.S.C. § 1229b(a). Section 240A provides that:

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—
>
> (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
>
> (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
>
> (3) has not been convicted of any aggravated felony.

Petitioner's 1999 conviction constitutes an aggravated felony under the statute. 8 U.S.C. 1101(a)(43)(B); *see United States v. Bonnet–Grullon*, 212 F.3d 692, 693 (2d Cir.), cert. denied, 531 U.S. 911, 121 S.Ct. 261, 148 L.Ed.2d 189 (2000). Therefore, he is ineligible for the relief he seeks.

### CONCLUSION

The Government's motion to dismiss (Dkt. No. 4) is granted, and Romero's petition is dismissed. Romero's petition for bond (Dkt.# 6) is denied as moot.

IT IS SO ORDERED.